IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ELSA RAMIREZ,<br>        Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§<br>§<br>§ | No.  EP-15-CV-127-ATB<br>(by consent) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,[1]<br>        Defendant. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered "Defendant's Motion to Dismiss and Incorporated Supporting Memorandum" ("Defendant's Motion to Dismiss") (ECF No. 15), filed by Defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration ("Commissioner"), on July 13, 2015.  The Commissioner argues that the case should be dismissed pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted due to Plaintiff's failure to exhaust her administrative remedies.  (Def.'s Mot. 1-4, ECF No. 15).  Plaintiff Elsa Ramirez filed a Response on September 11, 2015.[2]  (ECF No. 18).  The

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

[2] After the time to file a Response passed without a filing by Plaintiff, the Court issued an Order requiring Plaintiff to inform the Court whether she intended to file a Response and, if so, to file a Motion for an Extension of Time by August 27, 2015.  (Order 1, ECF No. 16).  On August 27, 2015, Plaintiff filed an "Unopposed Motion for Extension of Time" requesting that she be able to file her Response by September 11, 2015.  (Pl.'s Mot. 1-2, ECF No. 17).  The Court granted Plaintiff's Motion the same day. (*See* Text Order Aug. 27, 2015).  Plaintiff's Response was thereafter filed.  (ECF No. 18).

Commissioner subsequently filed a Reply on October 5, 2015.[3] (ECF No. 20).

After considering the pleadings and the applicable law, the Court orders that Defendant's Motion to Dismiss (ECF No. 15) should be **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## I.   BACKGROUND

On June 24, 2013, Plaintiff filed applications with the Social Security Administration ("SSA") seeking disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (*See* Decl. of Patrick J. Herbst 2, ECF No. 15-1). Plaintiff's applications were denied initially on September 25, 2013, and denied upon reconsideration on February 25, 2014. (*See id.* at 2-3; *see also* Ex. 1 & 2 to Decl. of Patrick J. Herbst, ECF No. 15-1). The notice of Plaintiff's reconsideration denial explained Plaintiff's right to request a hearing before an Administrative Law Judge ("ALJ") within sixty days of the receipt of the notice:

> If you believe that the reconsideration determination is not correct, you may request a hearing before an [ALJ] of the Office of Disability Adjudication and Review. If you want a hearing you must request it not later than 60 days from the date you receive this notice. You may make your request through any Social Security Officer or on the Internet . . . . Read the enclosed leaflet for a full explanation on your right to appeal.

(*See* Ex. 2 to Decl. of Patrick J. Herbst, ECF No. 15-1).

On May 15, 2014, Plaintiff appointed Hector Reyes as her representative. (*See* Decl. of Patrick J. Herbst 3, ECF No. 15-1; *see also* Ex. 3 to Decl. of Patrick J. Herbst, ECF No. 15-1). Thereafter, on July 3, 2014, Plaintiff filed a request for a hearing. (*See* Decl. of Patrick J. Herbst 3, ECF No. 15-1; *see also* Ex. 4 to Decl. of Patrick J. Herbst, ECF No. 15-1). Plaintiff supported her request for a hearing with an affidavit, dated June 25, 2014, stating that her attorney inquired

---

[3] After the time to file a Reply passed without a filing by the Commissioner, the Court issued an Order requiring the Commissioner to file a Reply by October 5, 2015. (Order 1-2, ECF No. 19). The Commissioner's Reply was thereafter filed. (ECF No. 20).

with the local Social Security Office and was informed that her reconsideration was denied.[4] (*See* Pl.'s Resp. 3, ECF No. 18; *see also* Aff. of Elsa F. Ramirez, ECF No. 18-2). The affidavit also states that neither Plaintiff nor her attorney ever received the notice of Plaintiff's reconsideration denial. (*See* Aff. of Elsa F. Ramirez, ECF No. 18-2).

On September 22, 2014, the ALJ dismissed Plaintiff's request for a hearing as untimely and without good cause for missing the deadline to request a hearing. (*See* Decl. of Patrick J. Herbst 3, ECF No. 15-1; *see also* Ex. 5 to Decl. of Patrick J. Herbst, ECF No. 15-1). Subsequently, the Appeals Council ("AC") denied Plaintiff's request for review on March 9, 2015. (*See* Decl. of Patrick J. Herbst 3, ECF No. 15-1; *see also* Ex. 6 to Decl. of Patrick J. Herbst, ECF No. 15-1). Plaintiff then filed the instant case on May 7, 2015. (*See* Decl. of Patrick J. Herbst 3, ECF No. 15-1; *see also* Compl., ECF No. 5).

On July 13, 2015, the Commissioner filed a Motion to Dismiss pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Def.'s Mot. 1-4, ECF No. 15). The Commissioner argues that the Court lacks subject matter jurisdiction over the instant case due to Plaintiff's failure to exhaust her administrative remedies because Plaintiff has not obtained a "final decision" of the Commissioner made after a hearing. (*Id.* at 3, quoting 42 U.S.C. § 405(g) (2012)).

## II.   LEGAL STANDARDS

### A.   Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the federal court's subject matter jurisdiction to hear a case. A lack of subject matter jurisdiction may be found through: 1) the complaint alone; 2) the complaint along with undisputed facts

---

[4] Plaintiff's affidavit fails to indicate when her attorney contacted the local Social Security Office.

evidenced in the record; or 3) the complaint along with undisputed facts and the court's resolution of any disputed facts. *See Mentis El Paso, LLP v. Health Care Serv. Corp.*, 58 F. Supp. 3d 745, 749 (W.D. Tex. 2014) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)). The burden of proof lies with the party asserting jurisdiction. *Id.* (citing *Ramming*, 281 F.3d at 161). Furthermore, when a party moves to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), the court should address a Rule 12(b)(1) challenge before considering a Rule 12(b)(6) challenge. *Id.* at 749-50 (citing *Ramming*, 281 F.3d at 161).

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack power to adjudicate claims." *Id.* at 750 (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012)). Moreover, the court "is empowered to consider matters of fact which may be in dispute." *Ramming*, 281 F.3d at 161 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). A court should dismiss a complaint for lack of subject matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of [a] claim that would entitle [the] plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

B.    **Subject Matter Jurisdiction Pursuant to the Social Security Act**

42 U.S.C § 405(g) provides federal courts with limited jurisdiction to review decisions made by the Commissioner. The statute states, in pertinent part, that:

> Any individual, after any *final decision of the Commissioner of Social Security made after a hearing* to which he [or she] was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405 (emphasis added); *see Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (stating

that a "final decision of the [Commissioner] made after a hearing . . . [is] central to the requisite grant of subject-matter jurisdiction."); *Brandyburg v. Sullivan*, 959 F.2d 555, 558 (5th Cir. 1992) (holding that judicial review is limited to those cases where the Commissioner has made a final decision after a hearing). "The term 'final decision' is not only left undefined by the [Social Security] Act, but its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger*, 422 U.S. at 767 (citing 42 U.S.C. § 405(a)).

In order to obtain a "final decision" from the Commissioner, a claimant must exhaust all administrative remedies by proceeding through the process set forth by the Commissioner's regulations. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986); *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citing *Weinberger*, 422 U.S. at 765-66). In order to exhaust all administrative remedies, claimants must complete the four-step process set forth in 20 C.F.R. § 404.900(a) prior to obtaining judicial review of their claim:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

At the third step of this process, an ALJ may dismiss a request for a hearing that is filed

untimely[5] and without good cause for missing the deadline. *See* 20 C.F.R. § 404.957(c)(3); *see also* 20 C.F.R. §§ 404.911, 404.933(b)-(c).

The ALJ's decision to dismiss a hearing request as untimely and without good cause for missing the deadline is not a "final decision" subject to judicial review under 42 U.S.C. § 405(g) and is, therefore, unreviewable by a federal court. *See Brandyburg*, 959 F.2d at 560 & n.4; *see also Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76, 80 (5th Cir. 1987) (per curiam) (stating that dismissals for untimeliness and requests to reopen are not subject to review); *Harper ex rel. Harper v. Bowen*, 813 F.2d 737, 742-43 (5th Cir. 1987) (stating that judicial review of a request to extend time for requesting review is prohibited); *Maiden v. Barnhart*, 450 F. Supp. 2d 1, 3 (D.D.C. 2006) (noting that appellate courts, including the Fifth Circuit in *Harper*, have held that a denial of an untimely request for a hearing is not a final decision subject to judicial review); *Rogers v. Barnhart*, 365 F. Supp. 2d 803, 806 (S.D. Tex. 2004) (adopting Report and Recommendation of the Magistrate Judge which held that a federal court lacks jurisdiction to review an ALJ's dismissal for untimeliness); 20 C.F.R. § 404.903(j) (stating that an administrative action "[d]enying [a] request to extend the time period for requesting review of a determination or a decision" is not subject to judicial review). However, a federal court can review a decision which is not a "final decision" if the plaintiff alleges a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). A colorable constitutional claim must be based on more than mere conclusory allegations of due process violations. *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986); *see also Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (defining a colorable constitutional claim as one that is "not wholly insubstantial,

---

[5] The Commissioner's regulations provide a claimant with sixty days from the date of receipt of a notice of a reconsideration denial to file a request for a hearing. 20 C.F.R. § 404.933(b)(1). The date of receipt is presumed to be five days after the date on the notice, unless a claimant shows that the notice was not received within that time period. 20 C.F.R. § 404.901. Therefore, a claimant has a total of sixty-five days from the date on the notice to file a request for a hearing.

immaterial, or frivolous." (citations omitted)).

### III.   ANALYSIS

**A.    The Parties' Arguments**

The Commissioner argues that the Court lacks subject matter jurisdiction over the instant case because Plaintiff failed to obtain a "final decision" of the Commissioner and, thus, failed to exhaust her administrative remedies. (Def.'s Mot. 2-4, ECF No. 15). More specifically, the Commissioner states that a reconsideration of Plaintiff's claims was denied on February 25, 2014, that Plaintiff requested a hearing before the ALJ on July 3, 2014,[6] that the ALJ dismissed Plaintiff's request for a hearing as untimely on September 22, 2014, and that the AC denied Plaintiff's request for review of the ALJ's dismissal on March 9, 2015. (*Id.* at 2, citing Ex. 2, 4-6 to Decl. of Patrick J. Herbst, ECF No. 15-1).

Plaintiff responds by arguing that while failure to exhaust administrative remedies does not result in a "final decision," an exception exists for colorable constitutional claims.[7] (Pl.'s Resp. 2, ECF No. 18, quoting *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013)). Plaintiff contends that due process requires that a claimant receive notice and an opportunity to be heard before benefits may be denied. (*Id.* at 4, citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). In support of her position that she alleges a colorable constitutional claim, Plaintiff argues that she submitted an affidavit stating that she never heard from the SSA and when her attorney inquired about the status of her reconsideration, he was told that it was denied. (*Id.* at 3). Plaintiff further argues that neither Plaintiff nor her attorney ever received the notice of the reconsideration denial and, therefore, she requested that the ALJ accept her request for a hearing

---

[6] The Commissioner maintains that Plaintiff's request for a hearing did not acknowledge the untimeliness of the request. (Def.'s Mot. 2, ECF No. 15, citing Ex. 2, 4 to Decl. of Patrick J. Herbst, ECF No. 15-1).

[7] The Court notes that Plaintiff's Complaint alleges that she obtained a final decision of the Commissioner when the AC declined to review the ALJ's dismissal. (Pl.'s Compl ¶ 6, ECF No. 5).

as timely. (*Id.*, citing Aff. of Elsa F. Ramirez, ECF No. 18-2). Plaintiff also contends that she has set forth a colorable constitutional claim because "the ALJ did not follow SSA regulations to determine if she had good cause for her late request for [a] hearing." (*Id.*) Plaintiff maintains that the ALJ concluded that Plaintiff must have received a reconsideration denial because she received other mail from the SSA and her attorney was not retained prior to the notice being issued. (*Id.*, citing Ex. 5 to Decl. of Patrick J. Herbst, ECF No. 15-1). Plaintiff further maintains that the ALJ's finding "robs Plaintiff of any form of a hearing" because she retained counsel after failing to hear about her reconsideration denial and was never sent a copy of the denial. (*Id.*). Plaintiff also argues that "the U.S. Postal Service mis-delivers mail frequently." (*Id.*)

In Reply, the Commissioner contends Plaintiff fails to reference any particular regulation or provision that the ALJ did not follow in dismissing her hearing request as untimely and without good cause. (Def.'s Reply 2, ECF No. 20). The Commissioner argues that "[i]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the [magic] words . . . ." (*Id.*, citing *Robertson*, 803 F.2d at 810 (alteration in original) (quoting *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir. 1984))). The Commissioner further argues that the only basis for Plaintiff's constitutional claim is her assertion that she never received notice of her reconsideration denial and that her due process rights were violated because there was no good cause to reopen her disability claims. (*Id.* at 3, citing Pl.'s Resp. at 3-4, ECF No. 18). The Commissioner further maintains that in *Kinash v. Callahan*, the Fifth Circuit held that a claim of non-receipt of notice does not establish a colorable constitutional claim. (*Id.*, citing *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (per curiam)).

B.   **The Court's Analysis**

   1. **The Court Lacks Subject Matter Jurisdiction to Review the ALJ's Dismissal of a Request for a Hearing**

The Court finds that Plaintiff has failed to obtain a "final decision" from the Commissioner which is subject to this Court's review because the ALJ's decision to dismiss a hearing request as untimely and without good cause for missing the deadline is not a "final decision" under 42 U.S.C. § 405(g). *See Brandyburg*, 959 F.2d at 560 & n.4; *see also Thibodeaux*, 819 F.2d at 80; *Harper*, 813 F.2d at 742-43; *Maiden*, 450 F. Supp. 2d at 3; *Rogers*, 365 F. Supp. 2d at 806; 20 C.F.R. § 404.903(j). The undisputed evidence demonstrates that Plaintiff was sent a notice of a reconsideration denial on February 25, 2014, indicating that she had sixty days to file a request for a hearing before an ALJ. (*See* Ex. 2 to Decl. of Patrick J. Herbst, ECF No. 15-1). The undisputed evidence further demonstrates that the notice was addressed to Plaintiff at the same address as all other mailings sent to her by the SSA. (*See* Ex. 1, 5-6 to Decl. to Patrick J. Herbst, ECF No. 15-1). Under the applicable regulations, Plaintiff is presumed to have received the notice of her reconsideration denial within five days and, therefore, her request for a hearing would have been timely if filed on or before May 1, 2014. *See* 20 C.F.R. § 404.901. However, Plaintiff did not file her request for a hearing until July 3, 2014, sixty-three days after the deadline. (*See* Ex. 4 to Decl. of Patrick J. Herbst, ECF No. 15-1). Upon consideration of Plaintiff's affidavit, the ALJ dismissed Plaintiff's request for a hearing as untimely and without good cause. (*See* Ex. 5 to Decl. of Patrick J. Herbst, ECF No. 15-1). Moreover, the ALJ's dismissal of Plaintiff's untimely request for a hearing is a binding decision unless vacated by the ALJ or the AC, which did not occur in this instance. *See* 20 C.F.R. § 404.959. Therefore, the ALJ's dismissal of Plaintiff's untimely request for a hearing leaves the Commissioner's reconsideration denial as the decision in effect. *See* 20 C.F.R. § 404.921. As

Plaintiff failed to exhaust her administrative remedies, the Court lacks subject matter jurisdiction unless Plaintiff alleges a colorable constitutional claim.

### 2. Plaintiff Failed to Allege a Colorable Constitutional Claim

The Court further finds that Plaintiff fails to allege a colorable constitutional claim because she merely alleges a due process violation without any support. In the instant case, the only evidence Plaintiff submitted to the ALJ and to this Court is an affidavit indicating that she did not receive notice of the reconsideration denial. (*See* Aff. of Elsa F. Ramirez, ECF No. 18-2). The ALJ considered Plaintiff's reason for her untimely filing but found that her reason did not establish good cause. (*See* Ex. 5 to Decl. of Patrick J. Herbst, ECF No. 15-1). The ALJ stated:

> In terms of extending the time to file the request, the claimant stated that she missed the deadline to request a hearing because she had not heard anything from the local Social Security Office, so her attorney inquired about her claim and was told that she had been denied. She says that neither her nor her attorney ever received a denial letter. The undersigned has considered this explanation under the standards set forth in 20 CFR 404.911 and 416.1411 and finds that the claimant has not established good cause for missing the deadline to request a hearing. The record reflects that [the claimant] received every other piece of mail sent by the Administration. The claimant now alleges that she didn't receive the reconsideration notice. I find this highly unlikely, as all notices and other mailing were sent to the same address, and she received those notices. As for her attorney not receiving the Notice of Reconsideration, he would not have been mailed a copy, as that determination was issued and mailed *three months before the claimant retained Hector Reyes* as her representative.

(*See id.*)

While it is true that this Court can maintain jurisdiction if Plaintiff advances a colorable constitutional claim, *see Califano*, 430 U.S. at 109, Plaintiff merely makes a blanket, conclusory statement that she was deprived of due process. It appears to the Court that Plaintiff has attempted to disguise a challenge to the merits of the ALJ's good cause determination as a challenge of constitutional proportion, simply by asserting that the ALJ did not comply with

unmentioned rules and regulations. Plaintiff's blanket statement, without more, does not create a colorable constitutional claim which confers jurisdiction over the instant case. *See Kinash*, 129 F.3d at 738 (holding that the claimant's sworn word was insufficient to rebut the presumption that he received notice); *see also Downey v. Colvin*, No. 3:12-CV-02285-HA, 2013 WL 3526761, at *1-2 (D. Or. July 8, 2013) (collecting cases for the proposition that bare assertions are insufficient to establish that a claimant did not receive notice of a reconsideration denial). Moreover, the Court is persuaded by the due process requirements set forth in *Dexter*. While the *Dexter* court found that courts can review colorable constitutional claims, the court held that "if a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations . . . then due process requires that the ALJ *address* it." 731 F.3d at 981-92 (emphasis added) (citations omitted). As stated above, the ALJ addressed Plaintiff's reason for good cause and rejected it. Without further evidence supporting Plaintiff's claim that she did not receive notice of a reconsideration denial, the Court finds that no colorable constitutional claim is alleged. *See, e.g.*, *Hatcher v. Barnhart*, No. 06 CV 999(JG), 2006 WL 3196849, at *1-4 (E.D.N.Y. Nov. 4, 2006) (holding that the plaintiff raised a colorable constitutional claim by presenting affirmative evidence that the SSA sent the plaintiff's notice to an incomplete address); *Chiappa v. Califano*, 480 F. Supp. 856, 857 (S.D.N.Y. 1979) (holding that the plaintiff overcame the presumption of notice by presenting affirmative evidence that the notice was mailed to a house that the plaintiff sold and was no longer living in). Therefore, the Court finds that it lacks subject matter jurisdiction.[8]

---

[8] As the Court finds that it lacks subject matter jurisdiction, the Court does not address the Commissioner's Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**.

The Court **THEREFORE ORDERS** that the instant case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The Court **FURTHER ORDERS** that any other pending motions are **DENIED AS MOOT**.

The Court **ALSO ORDERS** the Clerk of the Court to **CLOSE** the instant case.

**SIGNED** and **ENTERED** this 7th day of January, 2016.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**